1

2

3

4

5          UNITED STATES DISTRICT COURT

6          EASTERN DISTRICT OF CALIFORNIA

7

8   JEFF M. DELUCA                )   1:05-cv-00632 OWW DLB
                                  )
9                Plaintiff,       )   MEMORANDUM DECISION AND
                                  )   ORDER ON DEFENDANT'S MOTION
10       v.                       )   TO DISMISS [FED. R. CIV. P.
                                  )   12(b)(6)] PLAINTIFF'S
11  MASSACHUSETTS MUTUAL LIFE     )   ENTIRE COMPLAINT
    INSURANCE COMPANY, CONNECTICUT)
12  MUTUAL LIFE INSURANCE COMPANY )
    and DOES 1-50, inclusive,     )
13                                )
                 Defendants.      )
14                                )
    _____)
15

16

17
                    I.   INTRODUCTION
18
        Defendant Massachusetts Mutual Life Insurance Co.
19
    ("MassMutual") moves to dismiss the Complaint of Plaintiff Jeff
20
    Deluca ("Deluca") for failure to state a claim pursuant to Fed.
21
    R. Civ. P. 12(b)(6).  Plaintiff alleges claims for Breach of
22
    Contract and Fraud against Defendant.  Plaintiff also requests to
23
    remand this action to Fresno County Superior Court because
24
    Defendant has not proven that the amount in controversy more
25
    likely than not exceeds $75,000.00.
26
    //
27
    //
28
                              1

## II.   **SUMMARY OF ARGUMENTS**

### 1.   **Diversity Jurisdiction**

Plaintiff asserts in his Opposition that this Court lacks diversity jurisdiction over this action because MassMutual has not proven that the amount in controversy more likely than not exceeds $75,000.  (Doc. 7, Plaintiff's Opposition at 2:11-15). Defendant contends that "raising the issue in his Opposition is inappropriate and that it should be made through a properly noticed motion to remand in order to give MassMutual sufficient time and opportunity to fully brief and obtain and submit supporting evidence on the issue."  (Doc. 8, Defendant's Reply at 2:16-20).  Nonetheless, Defendant argues that the amount in controversy in this matter clearly exceeds $75,000.00 and that Plaintiff's request should be dismissed.  (*Id.* at 3:13-16).

### 2.   **Breach of Contract**

Plaintiff alleges that on or around November, 2003, MassMutual breached its life insurance contract with Plaintiff regarding premiums.  (Doc. 1, Notice of Removal at Ex. A, 10, ¶ BC-2).  Plaintiff alleges that his agreement with MassMutual was that after twenty years of paying Policy premiums, "he would not be required to make any out of pocket premium payments to keep the policy in force - any and all premium payments required after 20 years would be paid out of the dividends earned by the policy."  (Doc. 7, Plaintiff's Opp. at 6:24-28).  Defendant responds that the document cited by Plaintiff to show breach of contract was extrinsic to the Policy contract and was not part of their agreement with Plaintiff.  (Doc. 8, Defendant's Reply at 6-

**2**

8).  Rather, Defendant argues that the document was simply part of the sales material to help explain the Policy.  (Id. at 7:9-24).

### 3.  **Fraud**

Plaintiff alleges that MassMutual fraudulently misrepresented material terms of the Policy through false representations and concealment.  Plaintiff alleges that MassMutual represented that "if he purchased a policy of insurance for the amount of $100,000, he would only pay premiums of $565.00 per [year] for 20 years and it would be paid up." (Doc. 1, Notice of Removal at Ex. A, 11, ¶ FR-2a).  Plaintiff alleges that "these representations were in fact false."  (*Id.* at Ex. A, 11, ¶ FR-2b).  Defendant responds that there were no false representations, and that its projections for Policy premium payments were accurate.  (Doc. 8, Defendant's Reply at 9-10). Further, Defendant maintains that it made no concealments of material fact whatsoever.  (*Id.*).

### III.  **PROCEDURAL HISTORY**

Plaintiff Deluca filed a Complaint against Defendant MassMutual in the Superior Court of the State of California, County of Fresno for (1) breach of contract, and (2) fraud. (Doc. 1, Notice of Removal at Ex. A, 7-12) (filed March 18, 2005).  Plaintiff attached a copy of the insurance Policy and three related documents to his Complaint.  (Doc. 1, Notice of Removal at Ex. A, 14-33).  The Complaint was removed to the United States District Court for the Eastern District of

1  California based on diversity jurisdiction pursuant to 28 U.S.C.

2  § 1441(a), in accordance with the removal procedure proscribed by

3  28 U.S.C. § 1446(a).  (*See* Doc. 1, Notice of Removal.)

4  Defendant moved to dismiss Plaintiff's entire Complaint for

5  failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

6  (Doc. 5, Defendant's Motion) (filed May 19, 2005).  Defendant

7  also filed a request for judicial notice of the insurance Policy

8  issued to Plaintiff.  (Doc. 6, Request for Judicial Notice).

9  Plaintiff filed an Opposition, further alleging his claims and

10  also seeking a remand back to the state Superior Court.  (Doc. 7,

11  Plaintiff's Opposition) (filed June 10, 2005).  Defendant then

12  filed a Reply  (Doc. 8, Defendant's Reply) (filed June 20, 2005).

13

14  ### IV.   **FACTUAL BACKGROUND**

15  On November 17, 1987, Plaintiff Jeff Deluca and Defendant

16  MassMutual entered into a life insurance policy agreement.  (Doc.

17  1, Notice of Removal at Ex. A, 18).  Plaintiff alleges that in or

18  around November 2003, Defendant breached the agreement by not

19  honoring the Policy premium payments plan.  (*Id.* at Ex. A, 10).

20  The complaint contains little or no factual information.  As a

21  result, the court is left to fill in the blanks as best as

22  possible.  Although it is not clearly stated in the Complaint,

23  the court assumes that Plaintiff's cause of action arises from

24  Plaintiff being charged incremental premium payments, as opposed

25  to the alleged agreed upon flat rate of $565.00 per year, and

26  from the fact that Plaintiff will have to continue paying out-of-

27  pocket Policy premiums for life, as opposed to the alleged

28  agreement that after twenty years, premiums would be paid from

**4**

1  money earned from dividends.  (Doc. 7, Plaintiff's Opp. at 6:24-
2  28).

3       Plaintiff alleges two claims against Defendant: breach of
4  contract and fraud.  Plaintiff bases his claims on a document
5  (hereafter "Ledger Statement") that Plaintiff alleges was part of
6  the agreement between himself and Defendant.  (Doc. 7,
7  Plaintiff's Opp. at 7:21-25).  Plaintiff alleges that Defendant
8  breached the agreement set forth in the Ledger Statement.  (*Id.*
9  at 7:24-25).  He further alleges that Defendant made fraudulent
10 material misrepresentations in the Ledger Statement.  (Doc. 1,
11 Notice of Removal at Ex. A, 12, ¶ FR-4).

12

13                    V.    **STANDARD OF REVIEW**

14       Fed. R. Civ. P. 12(b)(6) allows a defendant to move to
15 dismiss a complaint for failure to state a claim upon which
16 relief can be granted.  However, a motion to dismiss under Fed.
17 R. Civ. P. 12(b)(6) is disfavored and rarely granted.  "A
18 complaint should not be dismissed unless it appears beyond doubt
19 that plaintiff can prove no set of facts in support of his claim
20 which would entitle him to relief."  *Van Buskirk v. CNN, Inc.*,
21 284 F.3d 977, 980 (9th Cir. 2002) (citations omitted).  In
22 deciding whether to grant a motion to dismiss, the court
23 "accept[s] all factual allegations of the complaint as true and
24 draw[s] all reasonable inferences" in the light most favorable to
25 the nonmoving party.  *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th
26 Cir. 1999); *see also Rodriguez v. Panayiotou*, 314 F.3d 979, 983
27 (9th Cir. 2002).  Dismissal of the complaint is proper if,
28 assuming the allegations to be true, it "fail[s] to state a claim

                                5

on its face." *Lucas v. Bechtel Corp.*, 633 F.2d 757, 759 (9th Cir. 1980).

"The court need not, however, accept as true allegations that contradict matters properly subject to judicial notice or by exhibit.  Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (citations omitted).  For example, matters of public record may be considered, including pleadings, orders, and other papers filed with the court. *See Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001).  Conclusions of law, conclusory allegations, unreasonable inferences, or unwarranted deductions of fact need not be accepted. *See Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

## VI.   <u>LEGAL ANALYSIS</u>

### 1.   <u>Threshold Issues</u>

#### A.   **Diversity Jurisdiction**

Defendant removed this action on the ground that diversity jurisdiction exists.  "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between...citizens of different states...."  (28 U.S.C. § 1332(a)).  When the jurisdictional amount is challenged, the party invoking the jurisdiction of the federal court has the burden of proving by a preponderance of the evidence that the amount in controversy more likely than not exceeds the jurisdictional limit. *McNutt v. General Motors Acceptance Corp*,

298 U.S. 178, 190 (1936).  "[R]emoval statutes are construed restrictively, and any doubts about removability are resolved in favor of remanding the case to state court."  *McCaa v. Massachusetts Mut. Life Ins. Co.*, 330 F. Supp. 2d 1143, 1146 (D. Nev. 2004).

Plaintiff claims that this Court lacks diversity jurisdiction over this action because MassMutual has not proven that the amount in controversy more likely than not exceeds $75,000.00.  (Doc. 7, Plaintiff's Opposition at 2:11-15). Defendant objects that Plaintiff raises this argument for the first time in his opposition.  Although Defendant's procedural objection is well-founded, the court has the power and is required to remand a case sua sponte where it becomes apparent that a case has been improperly removed.  *McCaa*, 330 F. Supp. 2d at 1146; *S & H Grossinger, Inc. v. Hotel & Restaurant Employees*, 272 F. Supp. 25, 27 (D.C.N.Y. 1967).

Defendant cites to compensatory damages, estimated punitive damages, and the potential for recovery of attorneys' fees to support his claim that the minimum amount in controversy has been met.  Defendant argues that compensatory damages amount to at least $35,568.00, after factoring in annual premium payments that Plaintiff will have to pay for the rest of his life.  (Doc. 1, Notice of Removal at 5, ¶ 14).  Defendant submits that punitive damages alone could easily exceed $75,000.00.  (Doc. 8, Defendant's Reply at 4:22-26).[1]  Defendant argues that it

---

[1]  Defendant cites to an unreported class action suit for fraudulent sales practices, in which the insurance company settled for $95,500,000.00.  This case is inapplicable to the

**7**

received information from Plaintiff's lawyer that Plaintiff had incurred $50,000.00 in attorneys' fees twenty-four days before the time of removal, and that it is not unreasonable to conclude that these fees will exceed $75,000.00 by the time the trial is over.  (Doc. 8, Defendant's Reply at 4:2-10).  Defendant argues that, "[t]aken in conjunction...the amount in controversy in this matter" more likely than not exceeds $75,000.00.  (Doc. 8, Defendant's Reply at 3:13-16).[2]

Defendant has satisfied its burden of showing that the jurisdictional amount in controversy more likely than not exceeds $75,000.00.  In the oral argument, Plaintiff conceded that the jurisdictional amount in controversy has been met.  Plaintiff's request to remand this action to Fresno County Superior Court is **DENIED.**

### B.   Evidentiary Issue

The terms of the Policy contract and the actual agreement between Plaintiff and Defendant are in dispute.  Plaintiff submits one version of the contract as Exhibit A.  Defendant submits a slightly different version of the contract as its

---

case at bar because the allegations and the amount in claimed damages are distinguishable.

[2] Defendant also submits that Plaintiff has conceded by virtue of originally filing his Complaint with the Fresno County Superior Court as an unlimited civil action that the amount in controversy is at least $50,000.00.  (Doc. 8, Defendant's Reply at 3:19-22).  However, the amount in controversy in unlimited civil lawsuits in the Fresno County Superior Court must exceed only $25,000.00, not $50,000.00.  Therefore, using the same line of reasoning as Defendant, Plaintiff has conceded that his action exceeds only $25,000.00.

**8**

1    Exhibit 1.  According to Defendant, Exhibit 1 is a "true,

2    correct, and complete duplicate copy of the Policy" issued to

3    Plaintiff  (Doc. 6, Req. for Judicial Notice, at 2:4-5).[3]

4    However, because of the discrepancies between the two versions,

5    only Plaintiff's version of the Policy contract is used to

6    determine whether Defendant's 12(b)(6) motion to dismiss will be

7    granted.[4]

8

9        [3]   Contrary to Defendant's argument, The Policy proffered by
     Defendant is inadmissible in this context.  Evidence outside the
10   complaint is generally not considered in ruling on a motion to
     dismiss for failure to state a claim.  *Arpin v. Santa Clara*
11   *Valley Transp. Agency*, 261 F.3d 912 (9th Cir. 2001).  Defendant
     argues that "the court may consider the full text of a document
12   the complaint quotes only in part."  (Doc. 6, Req. for Judicial
     Notice at 3:1-3).  However, when evidence submitted by a
13   defendant is different in substance from that submitted by
     Plaintiff, and the authenticity of the discrepancy is challenged
14   by Plaintiff, it is not admissible.  "[D]ocuments whose contents
     are alleged in a complaint and whose authenticity no party
15   questions,...may be considered in ruling on a Rule 12(b)(6)
     motion to dismiss."  *Branch v. Tunnell*, 14 F.3d 449, 454 (9th
16   Cir. 1994).  "A document is not 'outside' the complaint if the
     complaint specifically refers to the document *and* if its
17   authenticity is not questioned."  *Id.* at 453 (emphasis added).
     Here, however, Plaintiff "vigorously contests" the authenticity
18   of the document proffered by Defendant as the Policy.  (Doc. 7,
     Plaintiff's Opposition at 5:9-10).  At this stage of the
19   proceedings, any ambiguity in the documents are resolved in
     plaintiff's favor.  *International Audiotext Network, Inc. v. AT&T*
20   *Co.*, 62 F.3d 69, 72 (2nd Cir. 1995).  Only the Policy submitted
     by Plaintiff, therefore, will be considered.
21
         [4]   Under certain circumstances, the court can convert a
22   12(b)(6) motion to dismiss to a Rule 56 motion for summary
     judgment.  On a 12(b)(6) motion to dismiss, where matters outside
23   the pleading are presented to and not excluded by the court, "the
     motion shall be treated as one for summary judgment and disposed
24   of as provided in Rule 56."  *Equal Employment Opportunity Comm'n*
     *v. American Home Prods. Corp.*, 199 F.R.D. 620, 626 (N.D. Iowa
25   2001).  Here, the court will rule only on the motion to dismiss,
     and, as stated above, will exclude from evidence Defendant's

26

27

28

**9**

Additionally, Plaintiff attempts to introduce documents extrinsic to the Policy contract.  Plaintiff claims that these extrinsic documents were in fact part of the written agreement between himself and MassMutual, and as such, are part of the contract.  Plaintiff alleges that it was the terms of one of these extrinsic documents, the Ledger Statement, that were breached.  (Doc. 7, Plaintiff's Opposition at 7:24-25).  Defendant argues that the extrinsic documents were "simply part of the sales materials provided...to help explain how the Policy could perform when using <u>current</u>, <u>non-guaranteed</u> values."  (Doc. 8, Defendant's Reply at 7:18-21).  The operative effect of the ledger statement will be discussed below.

### 2.  <u>Breach of Contract</u>

Defendant moves to dismiss Plaintiff's claim for breach of contract for failure to state a claim.  To state a claim for breach of contract, a plaintiff must plead the following elements: (1) formation of the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) resulting damages to plaintiff.  *Careau & Co. v. Security Pac. Bus. Credit, Inc.*, 222 Cal. App. 3d 1371, 1388 (1990) (citing *Reichert v. General Ins. Co.*, 68 Cal. 2d 822, 830 (1968)); *see also Binder v. Aetna Life Ins., Co.*, 75 Cal. App. 4th 832, 840 (1999).  "Conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim."  *In re Verifone Securities*

_____

version of the contract.

*Litigation*, 11 F.3d 865, 868 (9th Cir. 1993).

Defendant argues that Plaintiff has failed to state a claim for breach of contract because Plaintiff has not sufficiently pleaded the first and third elements: formation of the contract, and Defendant's breach.[5]

### A.   Formation of Contract and Breach.

Defendant argues that Plaintiff has failed to state a claim for breach of contract because Plaintiff has not sufficiently pled that the alleged contract was formed and that there was a breach. (Doc. 8, Defendant's Reply at 6-8). Plaintiff claims that the Ledger Statement is part of the contract, and can therefore be enforced. (Doc. 7, Plaintiff's Opp. at 7:21-25). Plaintiff alleges that his agreement with MassMutual, as evidenced in the Ledger Statement, was that:

> ...after 20 years he would not be required to make any <u>out of pocket</u> premium payments to keep the policy in force - any and all premium payments required after 20 years would be paid out of the dividends earned by the policy.

(*Id.* at 6:24-28).

Defendant maintains that the Ledger Statement is not part of

---

[5]   The second and fourth elements are not contested, and are in fact sufficiently plead. Plaintiff pleads the second element, performance or excuse for nonperformance of the terms of the contract, by claiming that he has performed all of his obligations to Defendant under the terms of the contract except those obligations he was prevented or excused from performing. (Doc. 1, Notice of Removal at Ex. A, BC-3). Plaintiff pleads the fourth element, resulting damages to plaintiff, by claiming that he has suffered damages from Defendant's breach in the amount of approximately $5,000 in additional premiums paid.

1  the contract, but rather, was "simply part of the sales material

2  provided...to help explain how the Policy could perform when

3  using <u>current</u>, <u>non-guaranteed</u> values." (Doc. 8, Defendant's

4  Reply at 7:18-21). Defendant argues that the Policy contract

5  provides on its first page that "Premiums [are] Payable For

6  Life," and that "[n]owhere does the Policy provide that

7  Plaintiff's premiums would only be $565.00...for [twenty] years

8  as alleged in the Complaint." (Doc. 5, Defendant's Motion at

9  6:4-16; *id.* at 7:26-28; Doc. 1, Notice of Removal at Ex. A, 18).

10  Defendant argues that there was no breach of the "written

11  insurance contract" as alleged by Plaintiff...." (*Id.* at 8:1-2).

12      The admissibility of the Ledger Statement, as an extrinsic

13  document, as evidence of a different or additional agreement

14  between Plaintiff and Defendant depends on whether the Policy

15  contract is integrated. If the contract is not integrated,

16  extrinsic documents may be considered by the court. If the

17  contract is integrated, the parol evidence rule comes into

18  operation, which excludes prior and contemporaneous negotiations,

19  whether oral or written, from evidence. *Id.*

20

21              **i.   Was the Policy Contract Integrated?**

22      In ruling on the matter of parol evidence and the

23  preliminary issue of integration:

24          a court must consider such factors as the language and
           completeness of the written agreement and whether it
25          contains an integration clause, the terms of the alleged
           oral agreement and whether they contradict those in the
26          writing, [and] whether the oral agreement might naturally
           be made as a separate agreement....

27

28  *Mobil Oil Corp. v. Rossi*, 138 Cal. App. 3d 256, 266 (1982).

The Policy contract submitted by Plaintiff is not integrated because it lacks an integration clause and lacks the requisite completeness of an integrated contract.[6]  In the Policy contract submitted by Plaintiff, there is no explicit or implicit clause that integrates the contract.  Furthermore, the Policy contract does not explain the payment of premiums, an essential part of an insurance contract.  Rather, the "Payment of Premiums" section of the Policy refers the reader to the Policy Specifications section to explain the "[a]nnual premiums and the period for which they are payable." (*Id.* at Ex. A, 21).  However, neither the Policy Specifications section, nor any other portion of the Policy, gives any specifics about the payment of premiums.  From this, it is reasonable for Plaintiff to assume that this contract is not the complete agreement, and that there are other documents to explain the payment schedule and the dollar amount due.  Because the Policy contract is silent on these important issues, it is impossible for extrinsic documents to contradict it on these issues.

Furthermore, Defendant has failed to show any words or phrases in Plaintiff's version of the contract that integrates the contract, bars the consideration of extrinsic evidence, or makes it complete.  For purposes of this motion to dismiss, the contract is not considered integrated, and parol evidence may be admissible to establish the complete agreement between the parties.  *McLain v. Great Am. Ins. Companies*, 208 Cal. App. 3d

---

[6]  If and when the district court is able to consider Defendant's version of the contract (e.g., in a subsequent motion for summary judgment), this analysis might turn out differently.

1476 (1989).  Although Plaintiff's parol evidence--namely the Ledger Statement--is admissible, Plaintiff must still show that it evidences a part of the contract between himself and Defendant in order to state a claim for breach of contract.

### ii.  Did the Illustrations Form Part of the Contract?

Having determined that the contract is not integrated, the inquiry turns to whether the Ledger Statement formed part of the agreement between the parties.  Plaintiff alleges that it is the breach of the Ledger Statement, not the breach of the Policy contract, that is the basis for his breach of contract claim. (Doc. 7, Plaintiff's Opp. at 7:22-26).[7]  Plaintiff claims that the Ledger Statement must be considered as part of the written life insurance agreement because it "relat[es] to the premiums due and benefits under the subject [P]olicy."  (Doc. 7, Plaintiff's Opp. at 7:12-21).  The general rule is:

> Where two or more written instruments are executed contemporaneously, with reference to each other, for the purpose of attaining a preconceived object, they must all be construed together, and effect given if possible to the purpose intended to be accomplished.
> ...
> The primary object of all interpretation is to ascertain and carry out the intention of the parties.

*Harm v. Frasher*, 181 Cal. App. 2d 405, 412 (1960).  "Several contracts relating to the same matters, between the same parties, and made as parts of substantially one transaction, are to be

-----

[7]  Plaintiff has attached three illustrations, or "Ledger Statements," to his Complaint.  Two were allegedly provided to him in the sales process prior to his purchase of the Policy, and are dated August 31, 1987 and November 11, 1987.  A third one was subsequently provided to him five years later, dated 1992.

14

taken together."  Cal. Civ. Code § 1642.  "The general principle
of joint consideration of several instruments as one agreement is
applicable whether they expressly refer to each other or it
appears from extrinsic evidence that they were executed as a part
of one transaction."  *Frasher*, 181 Cal. App. 2d at 413.

Plaintiff claims that *Frasher* supports his claim that the
Ledger Statement should be jointly considered as part of the
written contract.  *Id.* at 412-416.  However, *Frasher* is
distinguishable in significant ways.  First, the three contracts
that formed the agreement in *Frasher* were mutually integrated and
interdependent because the execution of one of the documents
depended on the execution of the other two.  *Id.* at 412.  Here,
the Policy contract and the Ledger Statement are not mutually
integrated nor interdependent because the execution of the Policy
contract does not depend on the execution of the Ledger
Statement.  Second, the three *Frasher* agreements each expressly
referred to each other.  *Id.* at 415.  Here, there is no mention
of the Ledger Statement in the Policy contract, and vice versa.
Also, the Ledger Statement is not signed by either Plaintiff or
Defendant.  Although it is not required that both parties sign an
agreement to put it into effect, the signature of at least one
party is evidence of contract formation.  *See id.* at 414.

Although Plaintiff's extrinsic evidence is properly
considered, Plaintiff has not sufficiently pleaded that a
contract was formed between himself and Defendant for an express
agreement that he would not have to pay out-of-pocket premiums
after twenty years.  He has failed to sufficiently plead that a
contract including his allegations was formed, and that Defendant

15

1  breached that contract.  He fails to state a claim for breach of

2  contract.  Defendant's motion to dismiss Plaintiff's claim for

3  breach of contract is **GRANTED** with **LEAVE TO AMEND**.

4

5      **2.   Fraud.**

6      Defendant moves to dismiss Plaintiff's claim for fraud for

7  failure to state a claim.  The five elements a plaintiff must

8  allege to state a claim for tortious fraud are: (1)

9  misrepresentation of a material fact (false representation,

10 concealment, or non-disclosure); (2) knowledge of falsity; (3)

11 intent to defraud, i.e. to induce reliance; (4) justifiable

12 reliance; and (5) resulting damage.  *Small v. Fritz Cos.*, 30 Cal.

13 4th 167, 173 (2003) (internal quotations and citation omitted).

14 Rule 9(b) of the Federal Rules of Civil Procedure provides that

15 "in all averments of fraud..., the circumstances constituting

16 fraud...shall be stated with particularity."  *See also Berry v.*

17 *Valence Tech., Inc.*, 175 F.3d 699, 706 (9th Cir. 1999).  This

18 means that general, conclusory pleading of fraud is insufficient,

19 and that every element of the cause of action must be alleged in

20 full, factually and specifically.  *Schauer v. Mandarin Gems of*

21 *Cal., Inc.*, 125 Cal. App. 4th 949, 961 (2005). The policy of

22 liberal construction of pleading will not usually be invoked to

23 sustain a pleading that is defective in any material respect.

24 *Id.*

25     MassMutual argues that Plaintiff fails to state a claim for

26 fraud because he fails to allege facts that support the first and

27 fourth elements, misrepresentation and justifiable reliance.

28 (Doc. 5, Defendant's Motion at 8:14-16).  However, the second,

**16**

third, and fifth elements, knowledge of the falsity, intent to defraud, and resulting damages, respectively, will also be discussed below.  It is necessary for the plaintiff to allege facts which show the existence of each of the five elements in order to state a claim for fraud.  *Johnson v. State Bar*, 268 Cal. App. 2d 437, 444 (1968).

### A.   Misrepresentation

Plaintiff's complaint alleges in general terms that Defendant engaged in fraudulent misrepresentation of material facts.  (Doc. 1, Notice of Removal at Ex. A, 11, ¶ FR-4; *id.* at Ex. A, 11, ¶ FR-3).  Fraudulent misrepresentations can be in the form of false representation, concealment, or non-disclosure.  *Small v. Fritz Cos.*, 30 Cal. 4th 167, 173 (2003).  Although not specifically pleaded in the Complaint, Plaintiff alleges in his Opposition that Defendant made false representations of material facts in the Ledger Statement, and concealed the factual basis of the projections in the Ledger Statement from Plaintiff.

### i.   False Representations

Plaintiff claims that Defendant made false "representations of material fact."  (Doc. 1, Notice of Removal at Ex. A, ¶ FR-2). Plaintiff claims that the representations made in the Ledger Statement "clearly indicate[]...that the subject policy would become self-sustaining in 20 years, and that [Deluca's] annual out of pocket premium payments prior to then would be no more

than $565." (Doc. 7, Plaintiff's Opp. at 8:24-28).[8]  Plaintiff

claims that "these representations were in fact false[,]" and

that Defendant made them "without any intention of performing"

them.  (Doc. 1, Notice of Removal at Ex. A, ¶ FR-2 & ¶ FR-4).

Apart from these broad assertions, Plaintiff's Complaint fails to

point to anything specific in the Policy contract or in the

Ledger Statement that "clearly indicates" the existence of the

arrangement he alleges.

Plaintiff's claim begins to take more substantive form in

his Opposition, but Rule 9 requires more.  Plaintiff's <u>Complaint</u>

must give Defendant sufficient notice.  Because Plaintiff's

Complaint fails to plead this element with particularity, he does

not sufficiently plead false representation.


### ii.  Concealment

As an alternative form of misrepresentation, Plaintiff also

alleges that Defendant concealed material facts by misleading him

and preventing him from discovering material facts.  (Doc. 1,

Notice of Removal at  Ex. A, 11, ¶ FR-3).  Plaintiff argues that

MassMutual "concealed the fact that the historical facts

underlying the dividend growth projections in the Ledger

---

[8]  Although the Ledger Statement is not considered as part
of the contract, as stated above, it may be used by Plaintiff in
pleading fraud because it is admissible under the parol evidence
rule.  The parol evidence rule generally prohibits introduction
of extrinsic evidence, whether oral or written, to vary the terms
of an *integrated written agreement*.  *Pacific State Bank v.
Greene*, 110 Cal. App. 4th 375, 383-384 (2003) (emphasis added);
*see also* Cal. Civ. Proc. Code § 1856.  As stated above, because
this contract is not integrated, extrinsic evidence is
admissible.

Statement's calculations were non-existent."  (Doc. 7,

Plaintiff's Opp. at 11:19-22).  Defendant argues that it made no

concealments, and that the dividend projections in the Ledger

Statement are based on the "current dividend scale" of 1987, not

on historical performances as alleged by Plaintiff.  (Doc. 8,

Defendant's Reply at 9:21-27; Doc. 1, Notice of Removal at Ex. A,

15).  The Ledger Statement states that the projections are "based

on our current dividend scale and policy loan interest rate...."

(Doc. 1, Notice of Removal at Ex. A, 15).

Plaintiff fails to plead that MassMutual concealed evidence

of the current dividend scale, that it concealed the historical

dividend performance, or alleged that the listings in the Ledger

Statement are inaccurate or different in any way from the 1987

rates.  As such, Plaintiff's Complaint fails to sufficiently

plead concealment of material facts.

### B.    Knowledge of the Falsity

Plaintiff alleges that Defendant knew that the

representations he was making were false or that Defendant had no

reasonable ground for believing the representations were true.

Defendant does not contest this element.  Although conclusory,

the element of knowledge is sufficiently pleaded.

### C.    Intent to Defraud

Plaintiff alleges that Defendant made the misrepresentations

with the intent to defraud him and to induce him to purchase the

life insurance policy.  Defendant does not contest this element.

Although conclusory, the element of intent is sufficiently

1  pleaded.

2

3  **D.   Justifiable Reliance**

4  Plaintiff alleges that he "acted in justifiable reliance

5  upon the truth of the representations" in the Ledger Statement.

6  (Doc. 1, Notice of Removal at Ex. A, 11, ¶ FR-2).  Defendant

7  responds that because the Ledger Statement contains sufficient

8  "cautionary language concerning its projections" to notify

9  Plaintiff that there may be a discrepancy between the Ledger

10 Statement and the Policy contract, it is not reasonable for

11 Plaintiff to have relied on the projected figures as being

12 guaranteed in the future.  (Doc. 8, Defendant's Reply at 10:12-

13 15).

14 In order to plead justifiable reliance, Plaintiff must

15 allege sufficient facts to establish that his actual reliance on

16 Defendant's misrepresentations was reasonable.  In *State Farm*

17 *Fire & Casualty Co. v. Keenan*, the court held Appellant's fraud

18 claim defective because "they did not allege that they believed

19 the representation to be true or had no knowledge of its falsity

20 or had no reason to question its truthfulness."  171 Cal. App. 3d

21 1, 29 (1985).  Here, Plaintiff alleges that at the time he acted,

22 he did not know the representations were false and believed they

23 were true.  (Doc. 1, Notice of Removal at Ex. A, 11, ¶ FR-2).

24 Plaintiff had no reason to doubt Defendant's Ledger Statement,

25 and therefore, reasonably relied on the premium payment

26 misrepresentations made by the insurance company.  Plaintiff

27 sufficiently pleads justifiable reliance.

28

### E.    Resulting Damage

Plaintiff claims that the Policy is "not paid up[,]" and that he is "now uninsurable and cannot buy an insurance policy with any other company."  (Doc. 1, Notice of Removal at Ex. A, 12, FR-6).  Furthermore, Plaintiff claims that it was the aforementioned false representations that forced him to pay more than $5,000.00 to date in premiums over and above the amount represented to him in the Ledger Statement.  (Doc. 7, Plaintiff's Opp. at 8:28-9:2).  Plaintiff sufficiently pleads damages.

### F.    Conclusion Regarding Fraud Claim

Plaintiff does not sufficiently plead the first element of fraud, misrepresentation of a material fact.  The claim must be dismissed.  He will be granted an opportunity to amend his Complaint.

//
//
//
//
//
//
//
//
//
//
//
//
//

1                      **VII.    CONCLUSION**

2  _____For the reasons set forth above:

3

4       1.    Plaintiff's request to remand this action to Fresno

5             County Superior Court is **DENIED.**

6

7       2.    Defendant's motion to dismiss Plaintiff's claim for

8             Breach of Contract is **GRANTED** with **LEAVE TO AMEND;**

9             Plaintiff shall have **thirty (30)** days upon service of

10            this order to file an amended complaint; Defendant

11            shall have **twenty (20)** days following service of the

12            amended complaint to respond;

13

14      3.    Defendant's motion to dismiss Plaintiff's claim for

15            fraud is **GRANTED** with **LEAVE TO AMEND;** Plaintiff shall

16            have **thirty (30)** days upon service of this order to

17            file an amended complaint; Defendant shall have **twenty**

18            **(20)** days following service of the amended complaint to

19            respond.

20

21  **SO ORDERED.**

22

23

24                              **/s/ OLIVER W. WANGER**

25                         _____

26                              **Oliver W. Wanger**
                            **UNITED STATES DISTRICT JUDGE**
27

28